George A. and Genevieve T. DOHERTY,
Plaintiffs,

v.

J. L. ENOCHS, former District Director
of Internal Revenue for the District
of Mississippi, Defendant.

Civ. A. No. 3569.

United States District Court
S. D. Mississippi,
Jackson Division.

Jan. 14, 1966.

Ward & Mestayer, C. Scott Edmundson, Jr., Meridian, Miss., for plaintiffs.

U. S. Atty. Robert E. Hauberg, Jackson, Miss., for defendant.

RUSSELL, District Judge.

This is an action against the District Director of Internal Revenue in the Jackson Division of the United States District Court for the Southern District of Mississippi, a resident of the Jackson Division, and who was in office at the time plaintiffs allegedly paid to him the sum of $604.61 assessed as a deficiency income tax due for the year 1958 together with interest in the sum of $155.59, all of which plaintiffs seek to recover.

Plaintiff husband, referred to herein as taxpayer, filed a joint return with his wife for the year 1958 with the District Director of Internal Revenue in Baltimore, Maryland on which he did not report as taxable income the sum of $2,640.00 reimbursed to him as per diem travel expenses by his employer, an aircraft company, whose home office was and is in Columbus, Ohio. Taxpayer, as a field representative, spent approximately 264 days of the calendar year 1958 at Patuxent, Maryland on military assignments.

Prior to trial, defendant moved to dismiss on the grounds that this Court has

880

no jurisdiction of the subject matter and that venue is not properly laid in this district. The motion was overruled, and trial proceeded on the merits, defendant reserving its objection to jurisdiction and venue.

Two issues are presented: (1) whether this Court has jurisdiction, and (2) whether the taxpayer's home, for the purpose of deducting the aforesaid 1958 travel expenses, was Patuxent, Maryland, or Columbus, Ohio.

■ Although the Court is reluctant to reverse its former ruling, it is apparent that additional evidence was presented at the trial regarding the jurisdictional and venue questions which was not before the Court on the original motion to dismiss and these questions remain issues throughout the trial. Birmingham Post Co. v. Brown, 5 Cir., 217 F.2d 127.

■■ Taxpayer filed his 1958 income tax return with the District Director of Internal Revenue at Baltimore, Maryland, while on an assignment for his employer. On or about September 7, 1960 taxpayer wrote the Internal Revenue Director in Baltimore, protesting the preliminary findings of that office regarding taxpayer's 1958 return. On February 22, 1962, taxpayer, while on an assignment in Florida requested the Appellate Division, Internal Revenue Service, Washington, D. C., to transfer his case to the Jacksonville Appellate Division, Jacksonville, Florida. Following correspondence between taxpayer and this Jacksonville office and a conference attended by taxpayer in Jacksonville, he received an Internal Revenue Service Form 17-A, dated January 18, 1963, being a "Statement of Tax Due" with the amount of $604.61 as the assessment and the sum of $136.33 as interest due. Although this statement requested this amount to be forwarded to the District Director of Internal Revenue, no address was shown thereon; nonetheless taxpayer, by letter dated January 24, 1963, acknowledged its receipt from the office of the District Director in Jacksonville. Taxpayer was then in Meridian, Missis-

sippi. According to plaintiff, he, by and through his attorney, "paid" the tax, together with additional interest for a total amount of $760.20, to the named defendant, who was then the Jackson, Mississippi District Director, and received a receipt therefor dated August 2, 1963. This sum was ultimately transmitted to the Jacksonville, Florida District Director, although it is not clear that this information was given to plaintiff. Suit was filed on May 12, 1964, in which it is shown that plaintiffs on that date were residents of Columbus, Ohio. Jurisdiction is claimed under 28 U.S.C. § 1346(a) (1). Defendant cites many cases indicating distinctions in suits for refunds of taxes, as to those against directors and those directly against the United States, such as United States v. Kales, 314 U.S. 186, 62 S.Ct. 214, 86 L.Ed. 132. Although for practical purposes, many of these distinctions have disappeared both through Congressional action, and judicial determination, nonetheless, the courts have maintained that the venue in actions against directors personally, must be certain. Farnsworth and Chambers Co. v. Phinney, 5 Cir., 297 F.2d 681. In the instant case, it seems to me that the issue resolves itself to this fine point: did the Jackson, Mississippi Director's acceptance of taxpayer's payment, for which he was issued a receipt, constitute a payment "erroneously or illegally assessed or collected * * * or in any manner wrongfully collected * * *." as provided under Section 1346, 28 U.S.C. Concededly the Jackson director did not assess the tax, but did his acceptance of payment of same constitute a wrongful collection? Had not the taxpayer known exactly which director's office was handling his 1958 account, I might arrive at a different conclusion. However, under the circumstances of this case, it is my opinion that the director's receipt was no more than that, and did not constitute a wrongful or illegal collection, particularly in the absence of proof for the plaintiff that his payment, whether by check or cash, was responsive to his 1958 assessment.

The Court, therefore, sustains the defendant's motion to dismiss, without prejudice, however, and in view of this ruling, makes no finding as to the second issue.

Please prepare a proper order.